# United States District Court

# District of New Mexico

Mora Independent School District and
Mora-San Miguel Electric
Cooperative,

     *Plaintiff,*

  v.

Federal Emergency Management
Agency and Does 1-20

     *Defendants.*

No. _____

# COMPLAINT

## INTRODUCTION

1.      Plaintiffs challenges an aspect of the final administrative rule titled "Hermit's Peak/Calf Canyon Fire Assistance," RIN 1660–AB14, issued by the U.S. Department of Homeland Security, Federal Emergency Management Agency ("FEMA") on August 29, 2023, and published in the Federal Register on August 29, 2023 (hereinafter "Rule").[1]

2.      A portion of the Rule should be set aside because it unlawfully denies Plaintiffs' property right of compensation under the Hermit's Peak Fire Assistance Act ("HPFAA") for damage caused by the Hermit's Peak and Calf Canyon Fires in violation of the Administrative Procedure Act and United States Constitution.

3.      Congress established the HPFAA "to compensate victims of the Hermit's Peak/Calf Canyon Fire, for injuries resulting from the fire" and "to provide for the expeditious consideration and settlement of claims for those injuries." HPFAA, Pub. L. No. 117-180, § 102(b).

---

[1]      Hermit's Peak/Calf Canyon Fire Assistance, 88 Fed. Reg. 59,730 (Aug. 29, 2023) (to be codified at 44 C.F.R. pt. 296).

4.      Under the HPFAA, claimants are entitled to "payment under this Act" for "actual compensatory damages" to be determined "[n]ot later than 180 days after the date on which a claim is submitted under this Act." HPFAA, Pub. L. No. 117-180, §§ 102(b), 104(c)(3).

5.      FEMA's Final Rule denies compensation under the HPFAA for injuries or costs that are eligible under the Public Assistance Program.[2] This is inconsistent with the purpose of the HPFAA to provide expeditious compensation for actual compensatory damages. It also results in an unlawful withholding of Plaintiffs' property right to compensation under the HPFAA as the last day to file a claim under the Act is November 14, 2024. It is also contrary to the Public Assistance Program, which is a discretionary reimbursement program that will not cover all of Plaintiffs' damages.[3]

6.      Plaintiffs seek declaratory, injunctive, equitable, and other appropriate relief against FEMA to preclude it from withholding a constitutional property right by categorically denying compensation to Plaintiffs for actual compensatory damages caused by the Fire.

---

[2]      44 CFR 296.21(f)(2).
[3]      See Robert T. Stafford Disaster and Emergency Assistance Act ("Stafford Act") § 312(c) and Exhibit C FEMA Presentation.

3

## JURISDICTION & VENUE

7.      This Court has jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the Constitution and laws of the United States, and 28 U.S.C. §§ 1346 and 2671 because a United States agency is a defendant.

8.      This Court has jurisdiction under 5 U.S.C. §§ 701–706, and 28 U.S.C. § 2201–2202, because this action is brought by persons adversely affected by agency action, and seeks to right a legal wrong due to agency action as set forth in 5 U.S.C. §§ 701 and 702.

9.      The Court also has jurisdiction pursuant to 28 U.S.C. § 1331 and the APA, 5 U.S.C. § 701 *et seq*. The challenged rule is final and reviewable agency action. It marks the consummation of agency decision-making, mandates obligations on Plaintiffs, and carries legal consequences. See 5 U.S.C. § 704.

10.      Defendant's issuance of the Rule on August 29, 2023, constitutes a final agency action subject to judicial review under 5 U.S.C. §§ 704 and 706. The challenged rule marks the consummation of agency decision-making, mandates obligations on Plaintiffs, and carries legal consequences. See 5 U.S.C. § 704. And the Rule shows an actual

controversy exists between the parties within the meaning of 28 U.S.C.

§ 2201(a). Accordingly, this Court has jurisdiction to grant declaratory

relief, injunctive relief, equitable estoppel, and/or other relief pursuant

to 5 U.S.C. §§ 701–706, and 28 U.S.C. §§ 2201–2202.

11.    Venue is proper in this Court under 5 U.S.C. § 703 and 28

U.S.C. § 1391(e)(1)(B)–(C) because a substantial part of the events or

omissions giving rise to the claim occurred in this judicial district, a

substantial part of property that is the subject of the action is situated

in this judicial district, and/or Plaintiffs are located in this judicial

district.

## PARTIES

12.    Plaintiff MORA INDEPENDENT SCHOOL DISTRICT is a public

school district located in Northern New Mexico. The Hermit's Peak/Calf

Canyon Fire damaged and destroyed several school buildings, other

infrastructure, fields, disrupted educational services, and increased

operating expenses.  As a direct and proximate result of the Fire, Mora

Independent School District has suffered and continues to suffer

significant damages and interference with its ability to provide

education and public services. Mora Independent School District

submitted a Notice of Loss pursuant to the HPFAA, which is attached hereto as Exhibit "A".

13.     Plaintiff MORA-SAN MIGUEL ELECTRIC COOPERATIVE is a non-profit cooperative entity in New Mexico. The Hermit's Peak/Calf Canyon Fire damaged and destroyed several buildings, power lines, electrical and other infrastructure, disrupted electrical services, and increased operating expenses.  As a direct and proximate result of the Fire, Mora-San Miguel Electric Cooperative has suffered and continues to suffer significant damages and interference with its ability to provide education and public services. Mora-San Miguel Electric Cooperative submitted a Notice of Loss pursuant to the HPFAA, which is attached hereto as Exhibit "B".

14.     Defendant FEMA is an executive agency of the United States government, and bears responsibility in whole or part for the acts or omissions complained of in this complaint, including promulgating the Rule. Under the HPFAA, FEMA is directed to receive, process, and pay claims in accordance with the HPFAA.[4]

---

[4]     *See* Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(a)(2), 136 Stat. 2168, 2170 (2022).

## BACKGROUND

### 1. The federal government enacted the HPFAA to compensate victims of the Hermit's Peak Fire.

15.    On April 6, 2022, the U.S. Forest Service initiated a prescribed burn on federal land in the Santa Fe National Forest in San Miguel County, New Mexico. The prescribed burn got out of control, resulting in a wildfire that spread to adjacent, non-federal land, and merged with another fire.[5] The fire, known as the Hermit's Peak/Calf Canyon Fire, is the largest fire in New Mexico history. It forced thousands of residents to evacuate and ultimately destroyed 903 structures, including several hundred homes, and burned 341,471 acres of land, trees, and vegetation.

16.    The President declared the Hermit's Peak Fire "a major disaster," and Congress found that it forced evacuations of, damaged, or destroyed state, local, tribal, and private property in Colfax, Mora, and San Miguel counties in New Mexico.[6]

---

[5]    *Id.*, § 102(a)(1)–(4), 136 Stat. at 2168.

[6]    *Id.*, § 102(a)(5)–(6), (9), 136 Stat. at 2168–69.

17.    Congress determined that "the United States should compensate the victims of the Hermit's Peak Fire."[7]

18.    On September 30, 2022, Congress enacted—and the President signed—the HPFAA.[8]

19.    The HPFAA has two stated purposes, one is "to compensate victims of the Hermit's Peak/Calf Canyon Fire, for injuries resulting from the fire" and two is "to provide for the expeditious consideration and settlement of claims."[9]

20.    The HPFAA also provides for an election of remedies, which permits Plaintiff to seek compensation from the United States for injuries caused by the Fire by [1] submitting a claim under this Act; [2] filing a claim or bringing a civil action under the Federal Tort Claims Act, or [3] bringing an authorized civil action under any other provision of law.[10]

---

[7]    *Id.*, § 102(a)(10), 136 Stat. at 2169.

[8]    Hermit's Peak/Calf Canyon Fire Assistance, 88 Fed. Reg. at 59,731.

[9]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 102(b)(1), 136 Stat. 2168, 2169 (2022).

[10]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(h)(1), 136 Stat. 2168, 2174 (2022).

21.     Congress allocated $3.95 billion to compensate victims of the Hermit's Peak Fire under the HPFAA.[11]

22.     The last day to submit a Notice of Loss under the Act is November 14, 2024 and a Proof of Loss must be filed 150 days after that.[12]

## 2.     The HPFAA provides mandatory expedited compensation.

23.     The HPFAA states that claimants are entitled to "payment under this Act" for "actual compensatory damages."[13]

24.     The HPFAA designated FEMA as the administrator of claims under the Act. To that end, the HPFAA directed FEMA to establish a "Claims Office" to "receive, process, and pay claims in accordance with this Act."[14]

---

[11]     FEMA, FAQ: Hermit's Peak/Calf Canyon Fire Assistance Act Final Rule (Aug. 28, 2023), https://www.fema.gov/fact-sheet/faq-hermits-peakcalf-canyon-fire-assistance-act-final-rule#:~:text=The%20Hermit%27s%20Peak%2FCalf%20Canyon,major%20concerns%20from%20the%20community.

[12]     44 CFR §§ 296.11, 296.30.
[13]     Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2170 (2022).

[14]     *Id.*

9

25.    In determining and settling a claim under the HFPAA, the Administrator shall determine only: [1] whether the claimant is an injured person; [2] whether the injury that is the subject of the claim resulted from the Fire; [3] whether the person or persons are otherwise eligible to receive payment; and [4] whether sufficient funds are available for payment and if so, the amount, if any to be allowed and paid under the HFPAA.[15]

26.    In accordance with providing expedited compensation for damages, the HPFAA expressly mandates that "[n]ot later than 180 days after the date on which a claim is submitted under this Act, the Administrator shall determine and fix the amount, if any, to be paid for the claim."[16]

---

[15]    *Id.*
[16]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2171 (2022), italics added.

**3.     FEMA's final rule denies Plaintiffs their right to mandatory expedited compensation.**

27.    The HPFAA directed FEMA to administrate claims under the Act, and to "publish in the Federal Register … regulations for the processing and payment of claims under this Act."[17]

28.    On August 29, 2023, FEMA published its "Final rule"—i.e., the Rule—in the Federal Register.[18]

29.    The Rule unequivocally states that, persons "eligible for disaster assistance under FEMA's Public Assistance Program are expected to apply for all available assistance" and as a categorical matter, "[c]ompensation will not be awarded under the Act for injuries or costs that are eligible under the Public Assistance Program."[19]

30.    In addition, FEMA representatives have advised Plaintiffs that any and all claims for damages related to the Fire must first go through the FEMA Public Assistance Program.

---

[17]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 103(a)(1), 136 Stat. 2168, 2169 (2022); *id.*, § 104(f)(1), 136 Stat. at 2173.

[18]    Hermit's Peak/Calf Canyon Fire Assistance, 88 Fed. Reg. 59,730.

[19]    44 CFR 296.21(f)(2).

31.    But nothing in the HPFAA indicates that a Plaintiff is required to first submit a claim through the Public Assistance Program before submitting a claim through the HPFAA or that categories of damages that may qualify for public assistance are categorically excluded from the damages recoverable under the HPFAA.

32.    To the contrary, the HPFAA states that claimants are entitled to "payment under this Act" for "actual compensatory damages."[20]

33.    Unlike the HPFAA's mandatory compensation of damages, the Stafford Act for public assistance is a discretionary reimbursement program.

34.    The Stafford Act likewise does not have mandated expedited timeframes for payment of compensation. Rather, it has different, additional, and more stringent standards, procedures, and processes. Specifically, FEMA established seven phases for public assistance that require several additional requirements not included in the HPFAA. These additional requirements include compliance reviews, quarterly

---

[20]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2170 (2022).

progress reports, audits, and project completion certifications. These additional requirements can take years to complete. Plaintiffs are informed and believes that FEMA is still processing and paying public assistance for losses incurred during Hurricane Katrina in 2005.

35.    Plaintiffs do not have years to wait on public assistance before filing a claim under the HPFAA because the HPFAA is limited in time and funding. FEMA's Final Rule provides that the deadline to file a Notice of Loss is November 14, 2024.[21] FEMA's Final Rule creates a situation where Plaintiffs will lose its opportunity to receive compensation under the HPFAA.

36.    In addition, The Stafford Act is limited in the assistance it provides and Plaintiffs will not be eligible for public assistance for all their damages.[22]

37.    Accordingly, contrary to the plain text and stated aim of the HPFAA, the Rule unlawfully denies claimants expeditious compensation for damages by [1] requiring Plaintiffs to first apply for public assistance through the Stafford Act, which will result in

---

[21]    44 CFR 296.11
[22]    See Stafford Act generally.

Plaintiffs missing the deadline to file a Notice of Loss under the HPFAA and [2] refusing to compensate Plaintiffs for damages that may be eligible under the Public Assistance Program.

38.    As such, the Rule results in [1] unlawfully delaying Plaintiff's right to compensation under the HPFAA and [2] unlawfully denying compensation under the HPFAA by causing Plaintiffs to miss the deadline by applying for public assistance before filing a claim under the HPFAA.

## COUNT I
### (Violation of APA; 5 U.S.C. § 706—Contrary to Law)

39.    All foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

40.    The APA requires courts to "hold unlawful and set aside" agency action that is "not in accordance with law."[23]

41.    FEMA is an "agency" under the APA.[24]

---

[23]    5 U.S.C. § 706(2)(A).

[24]    5 U.S.C. § 551(1).

42.     The Rule constitutes "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court."[25]

43.     The Rule is not in accordance with, and is contrary, to the law because the HPFAA entitles Plaintiffs to actual compensatory damages to be paid within 180 days after submitting a claim, and the Rule [1] requires Plaintiffs to first apply for public assistance and [2] categorically refuses to award damages that are eligible under the Public Assistance Program, even though Plaintiffs will be denied public assistance for several items of damage because public assistance is discretionary and limited.

44.     FEMA's contrary interpretation of the law is unsupported by any authority. Indeed, it is contrary to the plain text and stated aim of the HPFAA and FEMA's own Public Assistance Program under the Stafford Act.

45.     The Rule harms Plaintiffs by depriving them of compensation to which they are entitled under the HPFAA.

---

[25]     5 U.S.C. §§ 551(4), (13), 704.

46.    By promulgating the Rule, FEMA has acted contrary to law, and is thus in violation of the APA. The Rule is therefore invalid and should be set aside.

## Count II
### (Violation of APA; 5 U.S.C. § 706—Contrary to Constitutional Right)

47.    All foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

48.    The APA requires courts to "compel agency action unlawfully withheld or unreasonably delayed" and "hold unlawful and set aside" agency action that is "contrary to constitutional right, power, privilege, or immunity."[26]

49.    FEMA is an "agency" under the APA.[27]

50.    The Rule constitutes "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court."[28]

---

[26]    5 U.S.C. § 706(2)(B).

[27]    5 U.S.C. § 551(1).

[28]    5 U.S.C. §§ 551(4), (13), 704.

51.     The Rule is not in accordance with, and is contrary, to Plaintiff's Constitutional right to property. The HPFAA entitles Plaintiff actual compensatory damages to be paid within 180 days after submitting a claim, which confers a property right to Plaintiffs under the Constitution. But the Rule improperly withholds Plaintiffs' right to property in that [1] requires Plaintiffs to first apply for public assistance, which will cause Plaintiffs to miss the deadline to file a claim under the HPFAA and [2] categorically refuses to award damages that are eligible under the Public Assistance Program, even though Plaintiffs will be denied public assistance for much of its damages because of the discretionary and limited nature of public assistance.

52.     FEMA's refusal to provide compensation in accordance with the HPFAA is unsupported by any authority. Indeed, it is contrary to the plain text and stated aim of the HPFAA and FEMA's own Public Assistance Program under the Stafford Act.

53.     The Rule harms Plaintiffs by depriving them of their property right to compensation under the HPFAA.

54.    By promulgating the Rule, FEMA has acted contrary to Plaintiffs' constitutional right, and is thus in violation of the APA. The Rule is therefore invalid and should be set aside.

## COUNT III
## (Violation of APA; 5 U.S.C. § 706—Exceeded Statutory Authority)

55.    All foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

56.    The APA requires courts to "hold unlawful and set aside" agency action that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."[29]

57.    The Rule is in excess of FEMA's statutory jurisdiction, authority, and limitations: The HPFAA requires FEMA to award claimants compensation for damages caused by the Fire, and Congress allocated funds for that purpose. By withholding or excluding compensation for all damages, when only some damages may be eligible for public assistance, the Rule exceeds FEMA's statutory authority and infringes on Congress's power to enact legislation and allocate funds for designated purposes.

---

[29]    5 U.S.C. § 706(2)(C).

58.     By promulgating the Rule, FEMA has acted in excess of its
statutory jurisdiction, authority, and limitations under the HPFAA. The
Rule is therefore invalid and should be set aside.

**COUNT IV**
**(Violation of APA; 5 U.S.C. § 706—Arbitrary, Capricious, and
Abuse of Discretion)**

59.     All foregoing paragraphs of this Complaint are realleged and
incorporated herein by reference.

60.     The APA requires courts to "hold unlawful and set aside"
agency action that is "arbitrary," "capricious," or an "abuse of
discretion."[30]

61.     The Rule is arbitrary, capricious, and an abuse of discretion:
FEMA offers no reasoned explanation for misconstruing and ignoring
the plain text and stated aim of the HPFAA, as well as the Stafford Act.
FEMA offers no substantial justification for refusing to award Plaintiffs
expedited compensation for its damages in accordance with the HPFAA
and with the funds Congress deliberately allocated for damages caused
by the Fire beyond its own patently erroneous interpretation of the

---

[30]     5 U.S.C. § 706(2)(A).

HPFAA and the Stafford Act. FEMA failed to consider the impact of its requirement that Plaintiffs first apply for public assistance and its refusal to provide compensation for categories of damages that may be available under the Stafford Act.

62.   FEMA's arbitrary and capricious abuse of discretion harms Plaintiff and other similarly situated Hermit's Peak Fire victims by depriving them of compensation to which they are entitled under the HPFAA.

63.   By promulgating the Rule, without a proper factual or legal basis, Defendant has acted arbitrarily and capriciously, have abused their discretion, have otherwise acted not in accordance with law, and have taken unlawful action in violation of the APA. The Rule is therefore unlawful and should be set aside as arbitrary and capricious under 5 U.S.C. § 706(2)(A).

## COUNT V
### (Equitable Estoppel)

64.   All foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

65.   The HPFAA entitles Plaintiffs actual compensatory damages to be paid within 180 days after submitting a claim.

66.     The HPFAA also provides for an election of remedies, which permits Plaintiff to seek compensation from the United States for injuries caused by the Fire by [1] submitting a claim under this Act; [2] filing a claim or bringing a civil action under the Federal Tort Claims Act, or [3] bringing an authorized civil action under any other provision of law.

67.     Nothing the HPFAA requires, or provides, that a claimant must first apply for public assistance before submitting a claim under the HPFAA or electing remedies for damages caused by the Fire.

68.     Equitable estoppel is a federal common law cause of action invoked to avoid injustice in particular cases. *Heckler v. Cmty Servs. Of Crawford County, Inc.*, 467 U.S. 51, 59 (1984).

69.     It would be unjust to require Plaintiff and other claimants to first seek public assistance before submitting claims for compensation under the HPFAA.

**PRAYER FOR RELIEF**

Wherefore Plaintiff respectfully requests that this Court:

1.  Issue a declaratory judgment that the Rule is arbitrary and capricious and/or not in accordance with law insofar as it requires Plaintiffs and other claimants to first apply for public assistance before submitting a claim under the HPFAA and that Defendant acted in excess of statutory authority in promulgating the Rule;

2.  Issue a declaratory judgment that the Rule is arbitrary and capricious and/or not in accordance with law insofar as it denies Plaintiffs and other claimants compensation mandated under the HPFAA and that Defendant acted in excess of statutory authority in promulgating the Rule;

3.  Issue an order vacating and setting aside the portion of the Rule that requires Plaintiffs and other claimants to first apply for public assistance before submitting a claim under the HPFAA and denies compensation for damages potentially available through public assistance;

4. Issue an order enjoining Defendant from requiring Plaintiffs to first apply for public assistance before issuing payment for damages under the HPFAA;

5. Issue an order enjoining Defendant from categorically withholding, denying, or refusing to award damages that may be provided through public assistance;

6. Award Plaintiffs costs and reasonable attorney's fees; and

7. Grant such other relief as the Court deems just and proper.

Dated: July 26, 2024

Respectfully submitted:
SINGLETON SCHREIBER, LLP

*/s/ Brian Colón*
Brian Colón (NM 14624)
Jacob Payne (NM 142971)
6501 Americas Pkwy. NE, Ste. 670
Albuquerque, NM 87110
(505) 587-3473
*bcolon@singletonschreiber.com*
*jpayne@singletonschreiber.com*

Gerald Singleton (CA 208783)
Britt Strottman (CA 209595), *PHV Pending*
591 Camino de la Reina, Ste 1025
San Diego, CA 92108
(619) 704-3288
*gsingleton@singletonschreiber.com*
*bstrottman@singletonschreiber.com*